UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:08-CR-27 |
| | ) | (JORDAN/GUYTON) |
| PATRICK J. RIGGER, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on August 1, 2008, for a hearing on the Motion To Substitute Counsel [Doc. 16], filed pro se on July 30, 2008, by the defendant Rigger. Attorneys Paula Voss and Richard Holcomb were present for the defendant Rigger, who was also present. Assistant United States Attorney Cynthia Davidson appeared on behalf of the government.

In his motion [Doc. 16], the defendant Rigger states the attorney-client relationship has been damaged, because, in his view, he is not being represented properly. Rigger confirmed at the hearing that he no longer wants to be represented by Attorneys Voss and Holcomb. At the hearing, the government stated that it had no position on the said motion.

The Court finds that good cause exists to grant the defendant Rigger's request and his Motion [**Doc. 16**] is **GRANTED**, and Paula Voss and Richard Holcomb are relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a

1

defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the defendant to be continuously represented by conflict-free counsel. At the August 1, 2008 hearing, Attorney Francis Lloyd appeared and agreed to accept representation of the defendant. The Court therefore and hereby substitutes and appoints Mr. Lloyd under the Civil Justice Act (CJA) as counsel of record for Patrick J. Rigger.

Mr. Lloyd then made an oral motion to continue the September 4, 2008 trial date and for a new date for a motion hearing in the case so that he might have time to prepare and file a motion. The government did not object to this request. The Court finds that the oral motion to continue the trial to be well taken and that the ends of justice served by granting the motion outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court notes that new defense counsel has just taken over the case. He will need time to review discovery and prepare motions on the defendant's behalf. See 18 U.S.C. § 3161(h)(1)(F). He also will need time to prepare for a hearing. The Court will need time to hear the motions and to rule upon them. See 18 U.S.C. 3161(h)(1)(J). Finally, the parties will need time to prepare for trial in light of the rulings on these motions. The Court finds that all of this cannot take place before the September 4, 2008 trial date even taking into account counsels' exercise of due diligence. See 18 U.S.C. 3161(h)(8)(B)(iv). The Court has reset the trial to **December 9, 2008**.

Accordingly, the Court **GRANTS** the oral motion by the defendant for a continuance. The Court further finds that the period of time between the **August 1, 2008** hearing and the new trial date of **December 9, 2008**, is fully excludable as provided by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(F), -(J), -(8)(A)-(B). With regard to other scheduling in the case, the Court set a new motion deadline and date for a hearing.

2

Accordingly, it is **ORDERED:**

(1) Defendant Rigger's Pro Se Motion [**Doc. 16**] is **GRANTED**. Attorneys Paula Voss and Richard Holcomb are **RELIEVED** of any further representation of the defendant;

(2) Attorney Francis Lloyd is **APPOINTED** as CJA counsel of record for the defendant;

(3) The oral motion to continue the trial and other dates in the case by the defendant is **GRANTED**;

(4) The trial is reset to commence at **9:00 a.m., on December 9, 2008,** before the Honorable Leon Jordan, United States District Judge;

(5) All time between the **August 1, 2008** hearing and the **December 9, 2008** trial date is fully excludable time under the Speedy Trial Act as set forth above; and

(6) The motion deadline is **September 5, 2008**, and responses are due on or before **September 19, 2008**; a hearing on pending motions and a status conference is set for **October 1, 2008 at 9:00 a.m.**.

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　　
United States Magistrate Judge