IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-27 |
| | ) | |
| PATRICK JOSEPH RIGGER, | ) | (JORDAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on the defendant's Motion to Suppress or Exclude from Evidence [Doc. 20] and his Motion to Strike Surplusage from the Indictment [Doc. 21]. These motions were referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on October 1, 2008. Assistant United States Attorney Cynthia Davidson was present representing the government. Attorney Francis Lloyd was present representing the defendant, Patrick Joseph Rigger ("Rigger"). The defendant was also present. The Court heard evidence and argument on the motions. The government also introduced a transcript and recording of the defendant's state guilty plea to misdemeanor possession of a firearm (the same firearm that allegedly forms the basis of the present federal charges) and a copy of the Knox County General Sessions Court judgment from that plea.

On October 27, 2008, the defendant filed a Supplement to Defendant's Motion to Suppress, or Exclude from Evidence [Doc. 28], with an attached copy of his Petition for Post-Conviction Relief filed with regard to his conviction for misdemeanor possession of a firearm. On October 28,

2008, the Court ordered [Doc. 31] the parties to file supplemental briefs addressing whether the Court can look behind the face of the defendant's state court judgment and consider the parties' arguments on the voluntariness of the underlying guilty plea. The parties filed their supplemental briefs [Docs. 33 and 34] on November 13, 2008, and the defendant requested oral argument on the issue.

On December 1, 2008, the parties came before the Court for a scheduled pretrial conference and motion hearing on their supplemental filings relating to the defendant's Motion to Suppress, or Exclude from Evidence [Doc. 20]. Assistant United States Attorney Gregory D. Weddle appeared on behalf of the government. Attorney Lloyd again represented the defendant, who was also present. At the conclusion of this hearing, the Court took the pending motions and related filings under advisement.

## I. POSITIONS OF THE PARTIES

The defendant was indicted [Doc. 1] on one count of being a felon in possession of a firearm and ammunition. The charge arises out of the search of the defendant's vehicle on September 16, 2007, during which search a rifle and ammunition were found in the car.

In his motion to suppress [Doc. 20], the defendant asks the Court to suppress and exclude from evidence in this case any evidence that Rigger pleaded guilty in a Tennessee Court to an offense charging him with possession of the firearm which is the subject of this case. Rigger concedes that he did enter a guilty plea to said charge in the Knox County, Tennessee, General Sessions Court. However, he states that the plea was not valid.

The government filed a response [Doc. 23], asserting that defendant Rigger's motion should be denied, because the subject guilty plea was entered knowingly and voluntarily.

In his motion to strike [Doc. 21], the defendant asks the Court to strike the plural forms of the terms "courts" and "crimes" and the reference to 18 U.S.C. section 924(e) from the indictment, arguing that they could prejudice the jury against him. The government responds [Doc. 24] that unless the defendant stipulates to his prior felony, it is entitled to prove the defendant's many convictions in several courts because the prosecution may prove its case with evidence of its own choice. Moreover, it maintains that the reference to section 924(e) is appropriate to put the defendant on notice that it is seeking this sentencing enhancement.

## II. SUMMARY OF TESTIMONY

At the October 1, 2008 evidentiary hearing, the government called KPD Officer Steve Still ("Still") as its witness. Still testified that on September 16, 2007, he and KPD Officer Norman Rickman ("Rickman") were on patrol in the general area of the Western Heights housing project. Rickman was driving the police cruiser, with Still in the front seat. They were traveling westbound on Jourolman Street when Still saw a Ford Bronco parked in their lane of traffic, but facing East, that is, toward them. Still testified that the Ford Bronco was "somewhat off of the curb," specifically, "four or five feet off the curb." According to Still, the Ford Bronco was "obstructing traffic." A photo of the Ford Bronco as seen by Still was admitted as Exhibit 1.

Still testified that Rigger was getting out of the vehicle as the police car approached. Rickman parked in front of the Ford Bronco, facing it, but somewhat more to the middle of the street. Rickman activated the cruiser's blue lights. Still asked Rigger to "step over towards us."

When Rigger walked over to the officers, they asked him for his driver's license, and Rigger produced it. Then the officers asked Rigger for consent to look in the Ford Bronco. According to Still, Rigger "gave his consent."

Still testified that as he arrived at the door of the Ford Bronco and was about to enter it, Rigger "takes off running." Neither Rickman or Still pursued Rigger. Still, however, did proceed to search the vehicle. He found a .22 rifle and a pillow case containing fifty-seven rounds of .22 ammunition.

The officers then "ran information" on Rigger, and prior to towing the Ford Bronco to impound, "Crime Scene" came to the scene and took photographs. The officers then swore out warrants on the defendant, charging him with unlawful possession of a weapon, roadway lane violation, evading arrest, and no proof of insurance. The Affidavit of Complaint for the offense of unlawful possession of a weapon was marked as Exhibit 7 to the hearing.

The judgment against Rigger from his guilty plea for the offense of unlawful possession of a weapon was marked as Exhibit 9 to the hearing. Said judgment shows that Rigger signed a written Waiver Of Attorney, waiving his right to have his attorney present, or if indigent, to have an attorney appointed to represent him. He also signed the Waiver and Plea, waiving the right to be tried in criminal court upon an indictment or presentment by the grand jury and the right to be tried by a jury. He also signed the guilty plea. The judgment was signed by the Knox County General Sessions Court.

The transcript of the General Sessions Court proceeding during which Rigger entered his guilty plea, along with a recording of the proceeding, was marked as Exhibit 8 to the hearing. The Court finds, based upon its review of Exhibit 8, that before the defendant entered his guilty plea, he

was informed by the General Sessions Court of his constitutional rights and told by the judge that if he had any questions about his rights he should address them to the Court. The following exchange then occurred:

> [Court:] Mr. Rigger, do you understand the rights went over [sic] with you?
>
> [Rigger:] Yes, sir.

## III. ANALYSIS

### A. Voluntariness of State Guilty Plea

The defendant contends that his due process and fair trial rights under the Fifth and Sixth Amendments were violated because the guilty plea he entered to the state firearms possession charge was not valid. Specifically, he argues that his guilty plea was not entered knowingly, voluntarily and with the benefit of counsel, because "the complete judicial warning required under Tennessee law by State v. McClintock, 732 S.W.2d 268 (Tenn. 1987) and State v. Mackey, 553 S.W.2d 337 (Tenn. 1977)" was not given to the defendant by the state court. In response, the government argues that due process does not require that a defendant be advised of all possible collateral consequences of his plea.

The Court must first determine whether it may look behind the facially valid state court judgment (Exhibit 9) and examine the voluntariness of the underlying guilty plea. To do so would essentially permit the defendant to attack his state court judgment collaterally in this federal prosecution. Both the defendant and the government argue that because the voluntariness of a guilty plea is a right granted by the federal constitution, it is appropriate for a federal court to determine whether the defendant's underlying state court plea was voluntary. Alternatively, the defendant

argues that if the Court determines that it cannot reach the issue of the voluntariness of his state guilty plea, it should continue his case until the state courts rule upon his Post-Conviction Petition. The government opposes such a continuance, arguing that a continuance until the state courts resolve the defendant's Post-Conviction Petition could last for years, during which the memories of witnesses will fade. Moreover, it asserts that even if the defendant's guilty plea is invalidated, it could still prosecute him on the present charges without the use of the state court guilty plea as an admission of his guilt.

Both the defendant and the government rely upon the Court of Appeals for the Seventh Circuit's decision in United States v. Howze, 668 F.2d 322 (7th Cir. 1982), to support their argument that the Court may properly entertain the defendant's collateral attack upon the voluntariness of his guilty plea in the present proceeding. In Howze, like in the case before the Court, the defendant had entered into a state court guilty plea to a firearms offense and was subsequently prosecuted by the United States for receipt of a firearm (the same firearm that was the subject of the state court judgement) by a convicted felon. Id. at 322. The defendant objected to the use of his state court guilty plea, arguing that it was unconstitutional. The court noted the general rule of United States v. Timmreck, 441 U.S. 780, 785 (1979), that a defendant may not bring a collateral attack upon a conviction alleging a violation of the procedural rules for taking a guilty plea. Id. at 323. The court observed, though, that "[w]hen the defect reaches a constitutional dimension, the Timmreck concern with finality is overborne and attacks on a guilty plea raised for the first time in a collateral proceeding must be considered." Id. Accordingly, the Seventh Circuit permitted the collateral attack on the state court judgment and remanded the case to the district court for consideration of potential constitutional defects regarding his privilege against self-incrimination and his right to a

jury trial. Id. at 324.

In United States v. Gardner, the Court of Appeals for the Sixth Circuit addressed the issue of the use of a state guilty plea to misdemeanor possession of a firearm in a subsequent federal prosecution for being a felon in possession of that same firearm. No. 88-6370, 1989 WL 123238, at *5-6 (6th Cir. Oct. 17, 1989). In that case, the defendant did not argue pretrial that her state guilty plea was involuntary but, instead, argued for the first time on appeal that evidence of the state guilty plea should not have been admitted at trial, because she was not warned of the potential consequences of entering the state plea, i.e., that it could be used as an admission in a future federal prosecution. Id. at *5. The court faulted the defendant for failing to raise the issue before the trial court and for failing to make a record of what occurred at the state guilty plea hearing but nonetheless ruled:

> Although the guilty plea was the major piece of evidence supporting appellant's conviction, the fact that she has not shown that the plea was not knowingly made coupled with the fact that a warning concerning the collateral use of the plea is not required by the Constitution, the Federal Rules, or the Tennessee Rules, leads us to conclude that the district court did not err in admitting this evidence.

Id. at *5-6. Thus, the Sixth Circuit has also looked beyond the face of the state court judgment to determine the constitutionality of the underlying state guilty plea. Accordingly, the Court finds that it may likewise determine the voluntariness of the present defendant's state court guilty plea because the voluntariness of a guilty plea is a matter of constitutional dimensions.

The defendant contends that the General Sessions judge's admonition to him that if he wanted to stay out of jail, then he must stay out of trouble was misleading and incomplete. He maintains that because the judge did not advise him that his state probation could be revoked and that he could be incarcerated on federal charges for the same possession of a firearm, his guilty plea

was involuntary. Alternatively, he argues that if the General Sessions judge had no obligation to warn him of the potential federal and state consequences of his guilty plea, then he urgently needed an attorney to advise him of these potential consequences. Accordingly, he maintains that his waiver of counsel was not voluntary.

A guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969). Entry of a guilty plea requires the defendant to waive several constitutional rights including (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to a jury trial, and (3) the right of confrontation. Id. at 243. These waivers must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). A defendant may waive the right to counsel, provided the decision to do so is voluntary and intelligent. Faretta v. California, 422 U.S. 806, 835 (1975) (citing Johnson, 304 U.S. at 464-65).

After examining the record of the present defendant's state guilty plea, the Court finds no evidence that his waiver of counsel was not voluntary and intelligent. While a defendant must be aware of the direct consequences of a guilty plea, the court accepting the plea has no constitutional obligation to advise the defendant of every potential collateral consequence of the guilty plea. King v. Dutton, 17 F.3d 151, 153 (6th Cir.), cert. denied, 512 U.S. 1222 (1994); see also Gardener, 1989 WL 123238, at *5 (observing that due process does not require that the defendant be warned of all potential collateral consequences of a guilty plea). Moreover, "[t]he state and federal systems are separate and distinct, and the defendant need only be informed of the direct consequences he may face within the particular system. Therefore, the state court, even if knowledgeable about federal criminal law, need not undertake to inform the defendant of his potential federal criminal liability[.]" United States v. Long, 852 F.2d 975, 979 (7th Cir.1988). In the present case, the General Sessions

judge advised the defendant of the direct consequences of his guilty plea to misdemeanor possession of a firearm. The fact that it did not also advise him that he could face federal charges for the same firearm did not render his guilty plea involuntary. Accordingly, the Court recommends that the defendant's Motion to Suppress, or Exclude Evidence be denied.

**B. Surplusage in the Indictment**

The single-count indictment [Doc. 1] in this case reads as follows:

> The Grand Jury charges that on or about September 16, 2007, in the Eastern District of Tennessee, Defendant PATRICK JOSEPH RIGGER, having previously been convicted in courts of crimes punishable by terms of imprisonment exceeding one year, did knowingly possess, in and affecting commerce, a firearm, namely a Glenfield .22 caliber rifle, model 75, and ammunition.
>
> [Title 18, United States Code, Sections 922(g)(1) & 924(e)]

The defendant asks the Court to strike from the indictment that he has been previously convicted in "courts" plural and of "crimes" plural. He also contends that the citation to 18 U.S.C. section 924(e), which is a sentencing enhancement provision, should be stricken from the indictment. He asserts that these references to multiple convictions and sentencing enhancement are surplusage and could prejudice the jury against him. The government responds [Doc. 24] that it does not object to removing the "s" from "courts" and "crimes" if the defendant stipulates to his prior felony conviction pursuant to United States v. Old Chief, 519 U.S. 172 (1997). In the absence of such stipulation, though, it contends that it is entitled to prove the defendant's multiple convictions. With regard to the citation to section 924(e), the government maintains that it is in the indictment to provide notice to the defendant of potential sentencing enhancement and that the jury is not likely to know its meaning.

At the October 1, 2008, hearing, the parties agreed that the citation to 18 U.S.C. section 924(e) would remain in the indictment but would not be read to the jury. At the December 1, 2008 hearing, the parties noted that the defendant was stipulating to the fact that he had a prior felony conviction. Counsel for the government stated that in light of that stipulation, the defendant's request that the "s" be stricken from "courts" and "crimes" was acceptable. On that same day, the defendant filed a signed Offer to Stipulate [Doc. 36], which stipulates to his prior felony conviction.

In light of the defendant's stipulation and the parties' agreement, the Court recommends that the defendant's motion be granted in part in that the "s" be stricken from the terms "courts" and "crimes" in the indictment. The Court also recommends that the defendant's request to strike the citation to section 924(e) be denied but that the citation not be read to the jury.

## IV. CONCLUSION

After carefully considering the evidence introduced during the course of the evidentiary hearing, the arguments and filings of the parties, and the relevant legal authorities, it is clear that there is no basis to suppress the defendant's guilty plea in state court to the charge of unlawful possession of a firearm. Moreover, the parties have agreed to stipulate the defendant's prior conviction. Accordingly, for the reasons set forth herein, it is **RECOMMENDED** that defendant's

Motion to Suppress, or Exclude Evidence [Doc. 20] be **DENIED** and his Motion to Strike Surplusage from the Indictment [Doc. 21] be **GRANTED in part** and **DENIED in part** as set forth herein.[1]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).