IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-27 |
| | ) | |
| PATRICK JOSEPH RIGGER | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation that the defendant's motion to suppress a firearm and ammunition seized from his vehicle be denied [doc. 29]. The government has responded [doc. 32], and a transcript of the suppression hearing [doc. 30] and exhibits have been provided to the court. Thus, the defendant's objections are ripe for the court's consideration. The defendant has asked for oral argument on the objections, but the court finds that oral argument is not necessary. For the reasons discussed below, the defendant's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); see also United States v. Campbell, 261 F.3d 628, 631-32 (6th Cir. 2001).

In his report and recommendation [doc. 27], Magistrate Judge H. Bruce Guyton found that the rifle and ammunition seized from the defendant's vehicle after a traffic stop were admissible evidence. In his objections, the defendant contends that there were insufficient specific and articulable facts to support the stop of his vehicle and that common sense belies a finding that the defendant's consent was voluntary.

On September 16, 2007, at about 6:00 in the evening, Knoxville Police Department Officers Still and Rickman were patrolling one of Knoxville's housing projects. As they traveled down Jourolman Avenue, they encountered a Ford Bronco parked facing them on their side of the road. The defendant was getting out of the Bronco as the officers drove up. The defendant was asked to step over towards the officers, and he was asked for his drivers license. The officers then asked for consent to look in the vehicle and the defendant said, "okay." Shortly thereafter the defendant fled from the scene.

Officer Still looked in the window of the Bronco and saw a rifle behind the driver's seat. A subsequent search revealed a pillow case containing 57 bullets. The Bronco was impounded and a warrant was issued for the

2

defendant's arrest. The defendant was charged with traffic violations, evading arrest, no proof of insurance, and a firearms charge.

Any ordinary traffic stop is a seizure within the meaning of the Fourth Amendment. *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979). In this case, the magistrate judge found that the defendant's encounter with the police officers was a *Terry* stop because the officers had specific and articulable facts to believe that a traffic offense had occurred. The defendant disagrees with this conclusion.

The defendant first argues that Officer Still's opinion that the Bronco was blocking traffic on the street is not supported by measurements or any other competent evidence. The photographs of the parked Bronco, however, show that it was parked well away from the curb and, more importantly, show that the Bronco was parked on the wrong side of the road – it was facing east in the westbound lane of traffic. It is a violation of Knoxville Ordinances to park a vehicle more than twelve inches away from the curb and to park on the wrong side of the street. City of Knoxville Ordinance § 17-296. Thus, the officers were literally "faced" with a vehicle violating the law as they drove down Jourolman Avenue. *See United States v. Myers*, 102 F.3d 227, 231-32 (6th Cir. 1996) (finding that stop of vehicle authorized where two clear traffic violations readily apparent). The fact that there was room for vehicles to pass the Bronco on the left does not affect the officers' conclusion that the Bronco was illegally parked.

3

The defendant next argues that Officer Still's testimony contradicts his earlier affidavit of complaint. The affidavit states that the defendant "pulled to the left side of the roadway to park," but Officer Still testified that the Bronco was already parked when they first encountered it. Obviously, the Bronco was driven to the left side of the street before it was parked whether the officers saw that occur or not.

Further, there is no requirement that a defendant be charged with a traffic violation after a traffic stop for that violation, so it makes no difference whether the defendant was charged with a violation of section 55-8-123 of the Tennessee Code Annotated which requires vehicles to be driven in their own lane of traffic if the roadway has been clearly divided into two or more lanes,[1] or with violations of the Knoxville Ordinance. Any error in the charges brought against the defendant cannot effect the reasonable suspicion to stop the vehicle in the first place.

Next, the defendant argues that consent to search his vehicle was sought in a coercive atmosphere so his consent was not voluntary and knowing. An officer can ask for permission to search a vehicle even in the absence of reasonable suspicion or probable cause. *See United States v. Erwin*, 155 F.3d 818, 822-23 (6th Cir. 1998). Further, the court finds that the defendant has not shown that the situation was unduly coercive. The defendant was already

---

[1] Jourolman Avenue does not have marked lanes for traffic, and this charge was dismissed.

outside his vehicle when the police car approached. He was asked to step over to the officers and he was asked for his drivers license. There was only one police vehicle present, it was daylight (as evidenced by the photos), no weapons were displayed, and the defendant was not even patted down. The court cannot speculate as to why the defendant consented to the search knowing that a firearm and ammunition would be found. Nevertheless, he did, and his consent was knowing and voluntary, albeit unadvised. The court also notes that after the defendant fled the scene, the officer saw the rifle in plain sight, and both the rifle and the ammunition would have been discovered when the Bronco was inventoried prior to impoundment.

The court has reviewed *de novo* the report and recommendation, the pleadings, the transcript of the suppression hearing, and the exhibits, and **ADOPTS** the report and recommendation. It is hereby **ORDERED** that the defendant's objections to the report and recommendation are **OVERRULED**, and the defendant's motion to suppress the evidence [doc. 19] is **DENIED**.

ENTER:

       *s/ Leon Jordan*
United States District Judge

5

Case 3:08-cr-00027-RLJ-HBG   Document 44-1   Filed 02/05/09   Page 5 of 5   PageID #: 201