IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-27 |
| | ) | |
| PATRICK JOSEPH RIGGER | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation that the defendant's motion to suppress or exclude evidence be denied [doc. 40]. The government has responded [doc. 41], and the objections are ripe for the court's consideration. The defendant has asked for oral argument on the objections, but the court finds that oral argument is not necessary. For the reasons discussed below, the defendant's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001).

In his report and recommendation [doc. 39], Magistrate Judge H. Bruce Guyton found that the defendant's plea to possession of a firearm in state court was voluntary and intelligent, and evidence of the defendant's state firearm conviction need not be suppressed. The defendant contends that his plea in state court was not voluntary because the judge did not accurately advise the defendant of the consequences of his plea and because the judge did not advise him that the conviction could be used in another court.

As to the alleged inaccuracy of the state court's judge's advice, the court finds that the advice was not inaccurate. The record shows that at the time of the defendant's plea in state court to the firearms charge, the judge advised the group of defendants present of their rights to counsel, to a preliminary hearing, to a jury trial, to confront witnesses, to compel witnesses to attend the trial, and to testify or not testify at the trial. The judge also advised the group: "You need to keep in mind that any time you are convicted of a crime, if you are ever charged in the future, that can make the situation worse for you." Exh. 8 to the suppression hearing, transcript of state court proceedings. He also advised the defendants that they needed to ask any questions they might have "because if you do not abide by the agreement you can go to jail for violation of probation." *Id.* Pursuant to an agreement with the district attorney, the judge sentenced the

2

defendant to time served on the weapons charge and 11 months, 29 days unsupervised probation on the evading arrest charge. The judge then said: "Do you understand? Means you got to stay out of trouble for 11 months 29 days. If you don't, you're going to be going like these other people that have been coming up here and messing up, do you understand. So it's up to you, if you want to stay out of jail don't get in trouble, that's all you got to do." *Id.* The defendant argues that this last sentence was a misrepresentation because the defendant was on parole at the time of his state pleas, and he was incarcerated as a direct consequence of his uncounseled plea of guilty.

When taking a guilty plea, a court must advise a defendant of the direct consequences of his guilty plea, but it has no constitutional duty to advise a defendant of the collateral consequences. *See King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). A direct consequence is a result flowing from a plea that is "definite, immediate, and automatic." *Id.* at 154. A collateral consequence is a result that "remains beyond the control and responsibility of the district court in which that conviction was entered." *El-Naboni v. United States*, 287 F.3d 417, 421 (6th Cir. 2002) (quoting *United States v. Gonzalez*, 202 F.3d 20, 27 (1st Cir. 2000)).

Taking the judge's statement in context, he was addressing only the direct consequences of the defendant's guilty pleas – nothing more. If the defendant acquired any new charges, the term of unsupervised probation to

3

which he was being sentenced would be revoked. The comments did not relate to any collateral consequences of the defendant's guilty pleas. Thus, the court finds that the comments were not inaccurate and did not make the defendant's state pleas involuntary.

Furthermore, the state court judge did not have a constitutional duty to advise the defendant about the consequences of pleading guilty while on parole or about possible federal consequences. Revocation of the defendant's parole was "beyond the control" of the general sessions judge who took the defendant's pleas and was a collateral matter. In addition, the court notes that the defendant presumably knew he was on parole at the time he pled guilty in state court, and his parole officer likely advised him of the consequences if he got into trouble while on parole. Thus, it is hard to imagine that he was unaware of the consequences of getting into trouble while on parole.

The defendant also argues that the state court judge should have advised him of the possibility that the convictions could be used against him in another court. The court agrees with the magistrate judge that this is a collateral consequence – one about which the state court judge had no duty to advise the defendant.

In the alternative, the defendant asks the court to delay his federal criminal case until his state post-conviction petition challenging the guilty pleas is

4

decided.  Given the court's decision on the merits of the defendant's motion to suppress, the court declines the defendant's invitation to delay this criminal case.

The court has reviewed *de novo* the report and recommendation, the pleadings and the relevant case law, and **ADOPTS** the report and recommendation.  It is hereby **ORDERED** that the defendant's objections to the report and recommendation are **OVERRULED**, and the defendant's motion to suppress the evidence of his state firearm conviction [doc. 20] is **DENIED**.

No objection to the magistrate judge's recommendation concerning the defendant's motion to strike surplusage from the indictment [doc. 21] was raised.  The court **ADOPTS** the report and recommendation on this issue as well, and it is hereby **ORDERED** that the motion to strike surplusage be **GRANTED IN PART AND DENIED IN PART**.

ENTER:

*s/ Leon Jordan*
United States District Judge